**BEAR CANON COAL COMPANY, Appellant, v. David BURNET, Commissioner of Internal Revenue, Appellee.**

No. 5051.

Court of Appeals of the District of Columbia.

Argued April 8, 1931.

Decided May 16, 1932.

H. Kennedy McCook, of Washington, D. C., for appellant.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, Andrew D. Sharpe, and C. M. Charest, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

GRONER, Associate Justice.

This case was submitted along with No. 5115 [Coronado Oil & Gas Co. v. David Burnet, Commissioner of Internal Revenue, 60 App. D. C. 233, 50 F.(2d) 998], and it was conceded by both sides that the cases were identical in principle. Certiorari was granted in No. 5115 (284 U. S. 606, 52 S. Ct. 33, 76 L. Ed. 518), and we therefore held this case to await the decision in that. The decision of this court having been affirmed by the Supreme Court in No. 5115 (April 11, 1932, 285 U. S. 393, 52 S. Ct. 443, 76 L. Ed. 815), it follows that this case is controlled by that decision. This makes it necessary to reverse the order of redetermination of the Board of Tax Appeals and remand the case for further proceedings consistent with this opinion.

Reversed and remanded.

**Jesse Ellis PORTER, Appellant, v. Mary S. PORTER, Appellee.**

No. 5573.

Court of Appeals of the District of Columbia.

Argued Nov. 7, 1932.

Decided Dec. 12, 1932.

Edwin C. Dutton and Hallock P. Long, both of Washington, D. C., for appellant.

S. McComas Hawken and Raymond Neudecker, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and VAN ORSDEL and GRONER, Associate Justices.

PER CURIAM.

The only question for our consideration in this case is whether the evidence was sufficient on which to predicate a decree for absolute divorce.

Appellant was sued for divorce and charged with adultery. Judge Bailey, who heard the case in the court below, decided the evidence was sufficient to establish the commission of the adultery. He saw the witnesses, and had full opportunity to observe their demeanor and judge of their veracity. Ordinarily this is enough, unless it appears that the judgment of the trial court is clearly wrong. Notwithstanding the rule, we have been at pains to weigh the evidence. If that on behalf of the plaintiff be taken as true, it may be conceded that enough was proved to justify the decree. A careful consideration of it leaves much to be desired, but, in the circumstances, we cannot, we think, invade the province of the trial judge and substitute our own opinion for his.

Affirmed.